# CURTIS J. FARBER

Attorney at Law

350 Broadway, 10th Floor
New York, NY 10013
Tel: (212) 334-4466
Fax: (212) 226-3224
curtisfarber@mindspring.com

April 4, 2008

Hon. Jed. S. Rakoff
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

                                     RE: <u>United States v. Edward Gardner</u>
                                                   07 Cr. 1229 (JSR)

Dear Judge Rakoff:

Defendant Edward Gardner moves for a Motion *in limine* as more fully set forth below:

    A.   <u>Fed. R. Evid. 404(b)</u>

    (1) March 12, 2001 weapons possession arrest

Mr. Gardner moves for a Motion *in limine* with respect to the government's notice of today's date, served pursuant to Fed. R. Evid. 404(b), to introduce into evidence the fact that he had been arrested on March 12, 2001, and charged with criminal possession of a weapon in the third degree (P.L. § 265.02(4)).[1] Other than providing the date of arrest and the penal law section charged, the government's notice is notable for the lack of details concerning the underlying facts of this arrest. Further, the government does not aver how such arrest would be probative in establishing "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident". Upon information and belief, the charges against Mr. Gardner were dismissed prior to the filing of an accusatory instrument in a local criminal court.

Without knowing the underlying facts for that arrest, the defense is hard pressed to succinctly argue why Rule 404(b) exceptions would be inapplicable. Indeed, the underlying facts may very well establish that Mr. Gardner had no connection to the alleged weapon involved, and that this was the reason for his non-prosecution. It is equally plausible that upon further investigation it was learned that there was in fact no weapon at all.

---

[1] It is respectfully noted that this subdivision was repealed by the New York State Legislature on November 1, 2006.

1

It is respectfully submitted that absent any showing to the contrary at this time, the potential prejudice arising from the jury learning of this arrest outweighs any probative value.

    (2) Testimony of Melinda Samuels

Mr. Gardner moves for a Motion *in limine* with respect to the government's additional notice of today's date, served pursuant to Fed. R. Evid. 404(b) that they may seek the testimony of Melinda Samuels, who "was arrested in North Carolina driving a blue BMW in which there was hidden one kilogram of heroin, four pounds of ecstasy, and $20,000 in United States currency". The government states that Ms. Samuels "would testify, among other things, in sum and substance, that she received the car from defendant Kenroy Gladden with instructions to drive it to a location in Georgia, where the car was to be dropped off. At the time Samuels received the car and the instructions from Gladden, defendant Edward Gardner was present".

The most obvious prejudice deriving directly from this proffered testimony would be the introduction of alleged uncharged crimes. Mr. Gardner stands accused of conspiring to distribute "crack". Allegations of heroin and ecstasy do not appear in the indictment on which he is proceeding to trial. Indeed, the defense has heard of these alleged events only for the first time with the filing of the government's notice. To permit the government to elicit this testimony would be to permit them to introduce evidence of uncharged crimes, and additionally, change the theory of prosecution at this late juncture. The prejudice that would incur if this evidence was admitted would be incalculable.

    (3) Timeliness of Government's Notice

Recognizing that this Court has the authority to excuse delay in notice upon "good-cause shown", the defense respectfully brings to the Court's attention its ruling of February 28, 2008, wherein Your Honor directed that any Rule 404(b) notice be provided three (3) weeks prior to trial. Accordingly, the government's deadline for filing such notice was March 31, 2008.

    B.  <u>Criminal History</u>

Although the government has not indicated an intention to cross exam Mr. Gardner concerning any other prior conflicts with the law, the defense further moves for a Motion *in limine* with respect to the Government's use of his criminal record during cross-examination should he elect to testify at trial. It is respectfully submitted that the potential prejudice arising from the jury learning of the defendant's criminal history outweighs any probative value. Indeed, it is further submitted that there is in fact no probative value in making this criminal history known.

Edward Gardner's criminal record is as follows:

a) Arrested on August 26, 2002 and charged with Grand Larceny, Criminal Possession of Stolen Property, Criminal Mischief and Unauthorized Use of a Vehicle. Mr. Gardner's March 31, 2004 plea to Disorderly Conduct was in full satisfaction of all charges. He was sentenced to a conditional discharge and five days of community service;
b) Arrested on August 9, 2006 and charged with Criminal Possession of Marijuana. No court disposition is noted in his RAP sheet;
c) Arrested on August 10, 2006 and charged with Obstruction of Governmental Administration of Justice, Harassment and Failure to Use a Bicycle Lane. Mr. Gardner's August 10, 2006 plea to Disorderly Conduct was in full satisfaction of all charges. He was sentenced to a conditional discharge and three days of community service.
d) Arrested on September 4, 2006 and charged with Criminal Possession of Marijuana, Disorderly Conduct and Unlawful Possession of Marijuana. No disposition is noted in his RAP sheet;
e) Arrested August 15, 2007 and charged with Criminal Trespass and Criminal Possession of Marijuana. Mr. Gardner's August 24, 2007 plea to Criminal Possession of Marijuana was in full satisfaction of all charges. He was sentenced to a conditional discharge.

"A trial court has wide discretion to impose limitations on the cross-examination of witnesses". *United States v. Flaharty*, 295 F. 3d 182 (2nd Cir. 2002). In *Flaharty*, the Second Circuit succinctly noted that "under *Federal Rules of Evidence 608(b)*, the District Court may restrict cross examination about specific instances of prior conduct if it finds that the conduct is not probative of truthfulness. Further, under *Rule 403*, the District Court may exclude even relevant evidence if it finds that the "probative value of the testimony is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Herein, Mr. Gardner's record does not bear on his character for truthfulness or untruthfulness. Accordingly, a jury could not properly utilize this record to assess his credibility. Only prejudice would result from revealing this record. However improper, if presented with this information, it is submitted that a jury would draw the inference that the defendant has as propensity to commit crimes.

Given the grave risk of prejudice to the defendant, coupled with the age of some of the past convictions, it is respectfully requested that the Court preclude the Government from cross-examining Mr. Gardner with respect to his past criminal history.

C. Documentary Evidence

The government has indicated an intention to use a "Conditional Discharge Form" bearing Mr. Gardner's name, dated August 24, 2007, that was allegedly recovered from

inside of 1039 East 226th Street, Bronx, New York.  It was at this same location that the government alleges law enforcement agents recovered narcotics and firearms which are the subject of the instant indictment.  Mr. Gardner moves for a Motion *in limine* with respect to the Government's use of this form under the reasoning more fully set forth above   The introduction of this form into evidence is tantamount to introducing the fact that Mr. Gardner entered a plea of guilty to Criminal Possession of Marijuana on August 24, 2007 and serves no legitimate prosecutorial purpose.  It is respectfully submitted that the evidence at trial will establish that Mr. Gardner himself was present at the subject location when law enforcement agents executed a search warrant and recovered the aforementioned contraband.  Further, upon information and belief, the basis of which is conversations with various Assistant United States Attorneys involved in the prosecution of Mr. Gardner, the government intends to call one or more civilian witnesses to testify that Mr. Gardner resided at this address.  The introduction of this form accordingly would be merely superfluous and unnecessary to achieve the government's aim of connecting Mr. Gardner to the location.

Thank you.

                Very truly yours,

                  S/

                Curtis Farber

cc:  AUSA David O'Neil
    Murray Richman, Esq.