LAW OFFICES OF
# Murray Richman
2027 Williamsbridge Rd. Bronx, NY 10461
(718) 892-8588 • Fax (718) 518-0674

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

OF COUNSEL:
Renée C. Hill, Esq.
Stacey G. Richman, Esq.
Gisele M. Kalonzo, Esq.
Jeffrey P. Chartier, Esq.
Brian T. Pakett, Esq
Don K. Taylor - Paralegal

April 4, 2008

**Via ECF**

The Honorable Jed. S. Rakoff
District Judge
Southern District of New York
U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    <u>United States v. Kenroy Gladden</u>
              S1 07 Cr. 1229 (JSR)

Dear Judge Rakoff:

      The Government has submitted its motion *in limine* seeking to introduce highly inflammatory evidence under FRE 404(b). The Government has asserted that it intends to offer evidence of Mr. Gladden's prior arrests.

      We strenuously object to the introduction of any evidence that the Government intends to offer which will be prejudicial to Mr. Gladden.

<u>Evidence of Mr. Gladden's Prior Arrests</u>

      The Government seeks to introduce evidence concerning Mr. Gladden's March 30, 2000 arrest under the alias "Michael Richardson" and the corresponding conviction on March 7, 2001, in New York County Criminal Court, for attempted Criminal Sale of a Controlled Substance, in violation of New York Penal Code 220.39. Specifically, the Government seeks to elicit testimony that on said date, Mr. Gladden attempted to sell a quantity of crack and Marijuana to an undercover police officer, and that at the same time, he was found in possession of a quantity of crack.

      Mr. Gladden's arrest and subsequent conviction has no relevance to the charges set forth in the instant indictment and has no probative value. In fact, the probative value is substantially outweighed by the unfair prejudice Mr. Gladden will suffer if the Court grants the Government's request. To expose the jury to this prior arrest would almost

LAW OFFICES OF
# Murray Richman

assure a conviction in this case. Indeed, if the Government's request is granted the jury will "convict[] [Mr. Gladden] because of his participation in the other crime rather than because he is guilty beyond a reasonable doubt of the crime alleged." See, United States v. Manafzadeh, 592 F.2d 81, 86 (2d Cir. 1979); See also, FRE § 403.

### Evidence Regarding an Acquittal

The Government seeks to introduce evidence relating to Mr. Gladden's arrest on October 14, 2004, for murder in the second degree, in violation of New York Penal Law 125.25 and criminal possession of a weapon, in violation of New York Penal Law 265.02, alleged to have been committed on or about October 1, 1999. Mr. Gladden was tried and fully acquitted of all of those charges. There is simply no basis upon which the Government should be allowed to introduce any information pertaining to that arrest. There is no relevance and no probative value. The Government is seeking to cloud the issues that would be of consideration by the jury. As such, we strongly object to the permissibility of their request. Accord, FRE § 403 ("evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

The Court should deny the Government's request in *toto*, or grant defense counsel a reasonable postponement until the Government provides defense counsel with all discovery as required by *Brady*, *Giglio*, and *Jenks*.

Respectfully submitted,

Murray Richman, Esq.

CC: Via ECF

AUSA David O'Neil

2