LAW OFFICES OF
Murray Richman
2027 Williamsbridge Rd. Bronx, NY 10461
(718) 892-8588 • Fax (718) 518-0674

OF COUNSEL:
Renée C. Hill, Esq.
Stacey G. Richman, Esq.
Gisele M. Kalonzo, Esq.
Jeffrey P. Chartier, Esq.
Brian T. Pakett, Esq.
Don K. Taylor - Paralegal

April8, 2008

**Via ECF**

The Honorable Jed. S. Rakoff
District Judge
Southern District of New York
U.S. Courthouse
500 Pearl Street
New York, New York 10007

**Re: United States v. Kenroy Gladden**
**S1 07 Cr. 1229 (JSR)**

Dear Judge Rakoff:

The Government has submitted a supplemental motion *in limine* seeking to introduce highly inflammatory evidence under FRE 404(b).

The Government has asserted that it may solicit testimony at trial pertaining to the arrest of Ms. Melinda Samuels who was arrested in September 2007 in North Carolina, while driving a BMW in which there was hidden one kilogram of heroin, four pounds of ecstacy, and $ 20,000 in United States currency. It is the Government's contention that Ms. Samuels received the car from Mr. Gladden, with instructions to drive the vehicle to a location in Georgia to be dropped off.

We strenuously object to the introduction of any evidence that the Government intends to offer which will be prejudicial to Mr. Gladden.

Evidence of Ms. Samuel's arrest under rule 404(b)

Rule 404 (b) is clear that "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

First, the Government has provided extremely vague information regarding the facts and circumstances of Ms. Samuels' arrest and how they pertain to Mr. Gladden. Important information is missing, including when and where Ms. Samuels allegedly

received the car and the instructions from Mr. Gladden, the location of the drop-off, and the person to whom the drop-off was to be made. There are also no details regarding Ms. Samuels' arrest and whether other persons were also arrested and charged.

Second, the information provided by the government is wholly insufficient to support their argument that Ms. Samuels' arrest is evidence that is admissible under Rule 404(b).

Third, there is no evidence to suggest that Ms. Samuels' statement is truthful. It is our position that Ms. Samuels would offer a self-serving statement in an attempt to avoid prosecution in North Carolina. Yet, the Government seeks to make a tenuous connection between Ms. Samuels and Mr. Gladden and use that as evidence of his guilt in this case.

Fourth, any alleged connection between Ms. Samuels and Mr. Gladden is far too attenuated to support a finding that the alleged occurrence is part of the conspiracy charged here. This is clearly an attempt by the Government to sully Mr. Gladden's character before the jury and present alleged conduct, in violation of Rule 404(b), that purports to show conformity therewith.

Finally, there is no evidence that the alleged connection between Ms. Samuels and Mr. Gladden is inextricably interwoven with the evidence relating to the charged conspiracy or that it is necessary to complete the story of the counts charged in the current indictment. These are elements necessary for consideration by the Court in analyzing the admissibility of evidence. United States v. Nektalov, 325 F. Supp. 2d 367 (2nd Cir. 2004).

It is becoming abundantly clear that the Government seeks to grab at all straws, however remote, to connect Mr. Gladden to some narcotics related activity that has no bearing on the instant matter. This is evident in their attempt to establish a conspiracy between Mr. Gladden and Mr. Gardner with the phrase in their letter that "Defendant Edward Gardner was also present", when Mr. Gladden allegedly gave instructions to Ms. Samuels regarding the drop-off of the car carrying narcotics and monies.

Simply, Ms. Samuel's arrest is not admissible as direct proof of the conspiracy charged in the instant indictment. United States v. Avendano, No. S1 02 Cr. 1059. Moreover, the Government has thrust these very serious allegations upon defense counsel at the eve of trial. Counsel is virtually left with no time to investigate these allegations. Thus, apart from the fact that the probative value of this alleged evidence is substantially outweighed by the unfair prejudice to Mr. Gladden, this will invariably cause delays in the trial, as counsel will need sufficient time to investigate whether the Government's assertions are true.

LAW OFFICES OF
Murray Richman

As requested in our motion filed on April 4, 2008, the Court should deny the Government's request in *toto*, or grant defense counsel a reasonable postponement until the Government provides defense counsel with all discovery as required by *Brady*, *Giglio*, and *Jenks*.

Respectfully submitted,

Murray Richman, Esq.

CC: Via ECF

AUSA David O'Neil



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 4, 2008

**BY FEDEX AND FAX**

Murray Richman, Esq.
2027 Williamsbridge Road
Bronx, NY 10461
(718) 892-8588

Mr. Curtis Farber, Esq.
350 Broadway
10th Floor
New York, NY 10013
(212) 334-4466

Re: United States v. Kenroy Gladden and Edward Gardner,
S1 07 Cr. 1229 (JSR)

Dear Mr. Richman and Mr. Farber:

The Government submits this letter to provide additional information regarding the notice the Government has submitted under Rule 404(b) of the Federal Rules of Evidence. In particular, with respect to defendant Kenroy Gladden's March 30, 2000 arrest (under the alias "Michael Richardson"), the Government intends to elicit testimony that on that date, the defendant attempted to sell a quantity of crack and marijuana to an undercover police officer, and that at the same time he was found in possession of a quantity of crack.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By: ______________________
David A. O'Neil
Assistant United States Attorney
(212) 637-2533